IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

STATE FARM FIRE & CASUALTY COMPANY,

    And

INEZ MORGAN

    Plaintiffs

vs.

SKYLINE CORPORATION

    Defendant

\* Civil Action No.:

\* AMD02-2592

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWERS TO INTERROGATORIES

State Farm Fire & Casualty Company, Plaintiff, by Sanjeev Modi, its attorney, answers the Interrogatories propounded by the Defendant, and says:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Maryland Rules of Procedure, which require the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objections to its admission as evidence on grounds of materiality or relevancy or other proper grounds for objection.

(b) The information supplied in these Answers is not based solely upon the knowledge of the executing party but includes the knowledge of the party, his agents, representatives and attorneys, unless privileged.

(c) The word usage and sentence structure may be that of the attorneys assisting in the preparation of these Answers, and thus, does not purport to be the exact language of the executing party.

Interrogatory No. 1: Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

    ANSWER:  State Farm Claim Representative John Morris, 6708

within the dwelling.

  b. Kenneth R. McLauchlan, Sr. Mechanical Engineer, McLauchlan & Associates, Inc., 474 Fawns Walk, Annapolis, Maryland 21401. See Plaintiff's Response to Defendant's Request for Production of Documents for a copy of Mr. McLauchlan's expert report. It is anticipated he will testify in accordance with the facts and opinions expressed in his report.

  c. Thomas J. Pavis, Jr., Senior Fire & Explosion Investigator, TriFactor Consultants, 7171 Norris Avenue, Sykesville, Maryland 21784. See Plaintiff's Response to Defendant's Request for Production of Documents for a copy of Mr. Pavis' expert report. It is anticipated he will testify in accordance with the facts and opinions expressed in his expert report.

<u>Interrogatory No. 3</u>: If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

  <u>ANSWER</u>: Plaintiff's will rely upon the fire department report, aforementioned expert reports, pictures of the property damage, all of which are in the possession of the Plaintiff's attorney. Additionally, Plaintiff may rely on physical items, such as the furnace, attached electrical wires to and from the furnace and/or to and from the breaker box. The furnace wires and breaker box are in the possession of one of the two above mentioned experts. The aforesaid paper documents are attached hereto, physical inspection of the furnace, wires, and/or breaker

box can be scheduled at a mutual time for all parties.

Interrogatory No. 4: Itemize and show how you calculate any economic damages claimed by you in this action, and describe any non-economic damages claimed.

ANSWER:

```
    $42,614.31 - Personal property
     60,585.00 - Structural cost
      3,787.52 - Personal property
      3,260.55 - Personal property
      2,888.42 - Personal property
      3,715.50 - Clothes restoration
        583.70 - Clothes restoration
        500.00 - Living expense
+       350.00 - Dwelling coverage
   $118,282.00
+       250.00 - Deductible
   $118,535.00 - Total damages
```

Interrogatory No. 5: State the actual basis, with specific reference to dates and circumstances, in support of your contention that you are entitled to recover under the theory of negligence.

ANSWER: It is the Plaintiff's contention that on the date of loss, May 8, 2000, that a fire originated in the interior of the ceiling, directly above the circuit breaker panel box within ms. Morgan's pre-manufactured mobile home. The fire was caused by an electrical failure involving the structural electrical wiring within this area. Additionally, it the Plaintiff's contention that the fire was caused by an arching fault in the AWG space 10-2 cooper conductor serving the furnace circuit number 2. The arching fault was caused by an error during the installation of the branch circuit wiring for circuit number 2. Eventually two of the conductors came in contact with each other over a very small area. This produced high resistance heating fault that heated the wood framing around the damages

I do solemnly declare and affirm under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

_____
JOHN MORRIS, Sr. Claim Representative
State Farm Fire & Casualty Company

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this __1__ day of ___November___, 2002, a copy of the aforegoing Answers to Interrogatories was mailed to Kevin Karpinski, Esquire, Suite 1540, 100 East Pratt Street, Baltimore, Maryland 21202, Attorney for Defendant.

_____
SANJEEV MODI

SM/alp