IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | * |
| | * |
| and | * |
| INEZ MORGAN | * CIVIL ACTION NO. AMD02-2592 |
| Plaintiffs | * |
| vs. | * |
| | * |
| SKYLINE CORPORATION | * |
| Defendant | * |
| | * |

* * * * * * * * * * * * * * * * * *    * * * * * * * * * * * * * * * * *

RESPONSE AND OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs, State Farm Fire & Casualty Company (hereinafter referred to as State Farm) and Inez Morgan, pursuant to Federal Rule Civil Procedure 56 file this Response and Opposition to Defendant's Motion for Summary Judgment:

This case involves a fire loss, which occurred on May 8, 2000 at the Plaintiff Inez Morgan's mobile home in Anne Arundel County. That home was insured by State Farm Fire & Casualty Company.

During the course of its investigation of the fire, State Farm Claim Representative John Morris was assigned to the claim. He inspected the site of the loss and subsequently retained two experts, Tom Pavis and Ken McLauchlan, to investigate the fire loss. Their conclusion was that the fire was caused by arcing wires near the panel box in the roof of the mobile home.

State Farm subsequently notified Skyline Corporation, the manufacturer of the mobile home, that they believed the fire was caused by improper installation of the panel box and the wiring. Skyline sent its own expert, Rexford Wilson, to the scene. Mr. Wilson was given every

opportunity to inspect the scene of the fire and in fact did inspect the fire and took extensive photographs of the fire loss and took measurements of the char depth.  Mr. Wilson disagreed with State Farm's experts.  It was his belief that the fire originated not in the roof of the mobile home but on the deck outside the mobile home.  He indicated that the char depth at that location indicated the fire had burned there for 80 minutes while the fire in the roof had only burned for 20 minutes.  He indicated that he wanted State Farm to preserve a three-foot by three-foot section of the deck, as that evidence was crucial to his theory of the origin of the fire.

State Farm, through its claim representative, John Morris, advised Mr. Wilson that State Farm did not intend to preserve that section of the deck as they did not believe it had anything to do with the fire.  However, as indicated in the Defendant's Motion for Summary of Judgment and attachments, they advised Mr. Wilson that he was certainly free to preserve that portion of evidence.  They gave him permission and an opportunity to cut away that portion of the deck and take it with him.  Mr. Wilson declined State Farm's invitation even though he knew State Farm did not intend to preserve that evidence.  Knowing that, he elected not to preserve it himself. Defendants now want the Court to dismiss this case because State Farm did not preserve that three-foot by three-foot section of the deck.

Defendants cite in support of their argument the case of <u>Silvestri v. Gen. Motors Corp.</u>, 271 F.3d 583, 591 (4th Cir. 2001).  The <u>Silvestri</u> case is clearly distinguishable on the facts.  The <u>Silvestri</u> case involved allegations that an air bag did not properly deploy in a motor vehicle accident.  In that case, Silvestri's experts examined the automobile and suggested to the claimant's attorney that General Motors be notified of the accident and given their own opportunity to inspect the vehicle.  Silvestri's attorney's never notified General Motors and in fact subsequently disposed of the vehicle.  The situation in the case at bar is wholly different than the <u>Silvestri</u> case.  In this case, State Farm notified the Defendant of the fire.  The Defendant's expert came to the scene of the fire and took extensive photographs and measurements of the fire

loss.  Defendant's expert, Rexford Wilson, indicated that he wanted a section of the deck preserved to prove his theory of the case.  State Farm advised Mr. Wilson that they were unwilling to preserve the evidence since they did not believe it had anything to do with the origin of the fire.  However, contrary to the facts in the Silvestri case, they gave Wilson permission to take whatever portion of the deck he wanted with him and to preserve it himself so that he could use it at a subsequent trial.  Mr. Wilson declined that opportunity and invitation.  Defendants had ample opportunity to preserve whatever evidence they felt was going to support their theory at the trial in this matter.  They were given opportunity and permission to preserve the evidence.  They elected not to do so.

    Having been given the opportunity to preserve the evidence themselves and having declined that opportunity, the Defendants ought not to be allowed to use State Farm's failure to preserve the evidence as a basis for granting summary judgment in this case.  Having given the Defendants the opportunity to preserve whatever evidence they wanted for use of trial and the Defendants having declined that opportunity and invitation, they cannot now turn around and say the evidence is not available to them.  It was made available and they elected not to preserve it themselves.

    Additionally, Defendants expert took ample measurements of the char depth in that section of the deck where the fire, in his opinion, originated.  There is no reason why the Defendants cannot reconstruct the deck and burn it to a char depth consistent with Mr. Wilson's measurements and present that evidence to a jury.

    WHEREFORE, Plaintiffs request that Defendant's Motion for Summary Judgment be denied.

                        _____/s/_____
                        LAWRENCE E. BALLANTINE
                        Trial Bar No. 01948
                        1 W. Pennsylvania Ave., Ste. 500
                        Towson, Maryland  21204-5025
                        (410) 832-8012

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, That on this _____ day of _____, 2003, a copy of the aforegoing Response and Opposition To Defendant's Motion for Summary Judgment was mailed, postage prepaid, to Kevin Karpinski, Esquire, Allen, Karpinski, Bryant & Karp, P.A., 100 East Pratt Street, Suite 1540, Baltimore, Maryland 21202, Attorney for Defendant.

_____/s/_____
LAWRENCE E. BALLANTINE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY | * |
| | * |
| and | |
| | * |
| INEZ MORGAN | |
| | *   CIVIL ACTION NO. AMD02-2592 |
| Plaintiffs | |
| | * |
| vs. | |
| | * |
| SKYLINE CORPORATION | |
| | * |
| Defendant | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

Upon consideration of the Defendant's Motion for Summary Judgment and Plaintiffs' Response and Opposition filed thereto, it is hereby this _____ day of _____, 2003, by the United States District Court for the District of Maryland;

ORDERED, That the Defendant's Motion for Summary Judgment be DENIED.

_____
JUDGE

Copies to:

Lawrence E. Ballantine, Esquire
Kevin Karpinski, Esquire