IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | * |
| | * |
| and | |
| | * |
| INEZ MORGAN | |
| | *   Case NO: AMD 02-2592 |
| Plaintiffs | |
| | * |
| v. | |
| | * |
| SKYLINE CORPORATION, | |
| | * |
| Defendant | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Skyline Corporation, properly identified as Homete Corporation, Defendant, by ALLEN, KARPINSKI, BRYANT & KARP and KEVIN KARPINSKI, its attorneys, submits the instant Reply to Plaintiff's Opposition to its motion for summary judgment.

State Farm does not deny (and, in fact, admits) that it willfully and intentionally destroyed evidence which Defendant's expert, Rexford Wilson, specifically requested be preserved. Nor does State Farm deny the crucial importance of the physical evidence to Defendant's case at trial. Furthermore, State Farm does not dispute the fact that its expert, Tom Pavis, refused Wilson's direct request to preserve the evidence because he did not agree with Wilson's conclusion that the Northeast area of the home was where the fire originated, and because Pavis wanted to protect the interests of State Farm, from which he received thirty percent of his business. Clearly,

therefore, there is no dispute that Pavis/State Farm's actions were willful, intentional and performed in bad faith. Because State Farm concedes that it intentionally and in bad faith destroyed crucial evidence, the sanction of summary judgment in Defendant's favor is warranted and appropriate. Hartford Ins. Co. v. Am. Auto. Sprinkler Sys., Inc., 201 F.3d 538, 544 (4th Cir. 2000); Cole v. Keller Indus., Inc., 132 F.3d 1044, 1047 (4th Cir. 1998).

State Farm cavalierly asserts that Mr. Pavis' actions, in deliberately and willfully destroying the crucial evidence, are excusable because (1) Mr. Wilson was given permission to remove the evidence by himself, and (2) Defendant can "reconstruct" the evidence destroyed by State Farm. Both contentions are meritless.

With respect to Plaintiff's first contention, the duty to preserve the evidence rested upon State Farm. State Farm was in control and possession of its insured's premises. Having been on notice of the highly relevant nature of the evidence, which Wilson directly requested be preserved, State Farm had a legal duty to preserve it. See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590-91 (4th Cir. 2001). State Farm asserts that the facts of Silvestri are different from the facts of this case. While that is true (in part), Defendant did not contend that the facts of this case and the facts of Silvestri are similar. Rather, Defendant cited Silvestri's holding that Plaintiff has the duty to preserve evidence it knows will be relevant to future litigation. Defendant also cited Silvestri for its holding that the sanction of dismissal or summary judgment is appropriate where (1) the spoliator's conduct was so egregious as to amount to a forfeiture of his claim, or (2) the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to

2

defend the claim. In this case, both factors are present and summary judgment is therefore warranted.

Even assuming, <u>arguendo</u>, that the Court would decide to shift the burden of preserving the evidence from State Farm to Defendant's expert, Mr. Wilson, as Plaintiff suggests, Wilson was unable to preserve the evidence himself because he has only one arm. <u>See</u>, Affidavit of Rexford Wilson, attached hereto as Exhibit A, ¶8. Wilson was therefore not physically capable of cutting out and hauling away the three-by-three-by-three foot section of the Northeast corner of the home which he requested that Mr. Pavis preserve. Pavis was certainly well aware of the fact that Wilson has only one arm. Thus, Pavis and/or State Farm's current assertion that Wilson could have or should have removed the evidence by himself only highlights their bad faith.

Recognizing that it cannot dispute the intentional bad faith behavior of Pavis, and unable to dispute the crucial importance of the evidence, State Farm actually suggests that Defendant ought to "reconstruct" the Northeast corner of the home to take the place of the evidence destroyed by State Farm. This assertion should be rejected by the Court. It is not the duty of Defendant to recreate evidence willfully and intentionally destroyed by State Farm. Moreover, despite State Farm's apparent concession that such re-created evidence would be admissible at trial, reconstruction of the evidence is simply not possible. First, the moisture content of the wood used in the Morgan home cannot be re-created. Exhibit A, ¶12. The moisture content of wood significantly affects the rate of ignition, spread of flame, and penetration of wood. <u>Id.</u> Since the amount of moisture in the wood at the time of the fire is unknown, conditioning of any sample

to the same moisture point is impossible. Id. Further, the type of wood used in the Morgan home is unknown and cannot be re-created. Id. The type of wood affects the specific burn rate. Id. In addition, the specific wind speed and direction at the time of the fire cannot be re-created. Id. The amount of air a sample receives has an affect on the burning rate and char penetration. Id. The exact amount of wind speed and direction were not recorded and, thus, cannot be re-created. Id. Finally, it is impossible to re-create the original dimensions of the Northeast corner of the home because they are unknown. Id. The placement of materials is critical for radiant flame energy at the initial ignition point. Id. Thus, even if Defendant were required to reconstruct evidence willfully and intentionally destroyed by State Farm (which clearly Defendant is not so required), such reconstruction is simply not possible.

The uncontradicted facts demonstrate that Pavis was well aware of the crucial nature of the portion of the Northeast corner of the home; that Pavis was directly asked to preserve that evidence by Wilson; that Pavis knew Wilson was incapable of preserving the evidence himself; and that Pavis nevertheless refused and failed to preserve it. Interestingly, however, Pavis made sure to preserve the evidence supporting his theory and which he believed was favorable to State Farm's position. Defendant has suffered extreme prejudice due to the intentional conduct and bad faith of Pavis/State Farm. Destruction of the three-by-three-by-three foot section of the Northeast corner of the home where Wilson believes the fire originated makes it impossible for Wilson to provide a fair representation of his theory regarding the origin the fire to the jury. Exhibit A, ¶11. Wilson and Skyline have therefore been stripped of their ability to adequately present their

4

defense to the jury in any meaningful manner. Pavis' conduct amounts to willful destruction of evidence, in bad faith, and is appropriately sanctionable by this Court with the remedy of summary judgment in Defendant's favor.

## CONCLUSION

For all of the foregoing reasons, summary judgment should be granted in favor of Defendant.

Respectfully submitted,

ALLEN, KARPINSKI, BRYANT
& KARP

BY: _____/s/_____
KEVIN KARPINKSI
100 East Pratt Street
Suite 1540
Baltimore, Maryland 21046
410-727-5000
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2003, a copy of Defendant's Reply to Plaintiff's Opposition to its Motion for Summary Judgment was electronically filed with notice to:

Lawrence E. Ballantine, Esquire
1 West Pennsylvania Avenue
Suite 500
Towson, Maryland 21204-5025

_____/s/_____
Of Counsel for Defendant
