IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

STATE FARM FIRE & CASUALTY    *
COMPANY,
                              *
        and
                              *
INEZ MORGAN
                              *    Case NO: AMD 02-2592
            Plaintiffs
                              *
v.
                              *
SKYLINE CORPORATION,
                              *
            Defendant
                              *

* * * * * * * * * * * * * * * * * * * * * * * *

**JOINT PRE-TRIAL ORDER**

NOW COME the Plaintiffs, State Farm Fire & Casualty Company  and Inez Morgan, by

their attorney, Lawrence E. Ballantine, and Defendant, Skyline Corporation, by its attorney,

Kevin Karpinski, and pursuant to Local Rule 106, files this Pre-Trial Order and says:

**(a)  Plaintiffs' Statement of Facts**

The Plaintiff, Inez Morgan, owned a mobile home in Harwood, Maryland that was

destroyed by fire on May 8, 2000.  That home was insured by State Farm Fire & Casualty

Company.  The Plaintiffs intend to prove that the Defendant's negligently designed and/or

manufactured the sale of the mobile home with a faulty electrical system and that the electrical

system malfunctioned causing the fire, which ultimately destroyed the Plaintiff's home.  The Plaintiffs have also filed alternative causes of action for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular use, and strict liability and tort.  All of these alternative theories are based on the same set of facts that the Defendant manufactured and sold the mobile home with a faulty electrical system, which caused the fire.

**(b)    Defendant's Statement of Facts**

Plaintiffs in this case, State Farm Fire and Casualty ("State Farm") and Inez Morgan ("Morgan"), filed suit on or about May 20, 2002, regarding a fire which occurred on May 8, 2000 at the home of Ms. Morgan. The Complaint alleges that Skyline Corporation ("Skyline") manufactured, distributed, and sold the mobile home to Ms. Morgan in 1995, and that the fire which occurred at the mobile home was caused by a defective circuit breaker, for which Skyline is allegedly responsible.  The Complaint contains five counts: Negligence (Count I); Breach of Express Warranty (Count II); Breach of Implied Warranty of Merchantability (Count III); Breach of Implied Warranty of Fitness for a Particular Purpose (Count IV); and Strict Liability in Tort (Count V).

Following the fire on May 8, 2000, State Farm insurance adjuster, John Morris, investigated the claim. Morris contacted Tom Pavis of Trifactor Consultants to perform an investigation into the cause and origin of the fire. Pavis found wires located in the roofing section, near the panel box, which he believed to be the source of the fire. Pavis recommended

that State Farm hire an engineer, Ken McLauchlan, to determine whether the HVAC system was involved in the cause or origin of the fire.  After Morris contacted Skyline, Skyline sent its own engineer to inspect the property, Rexford Wilson.  Wilson spoke with various neighbors who had witnessed the fire.  Wilson also spoke with Pavis, who stated his theory that the fire had begun in the ceiling due to an arcing wire.  The next day, Wilson returned to the home and inspected it, taking a number of photographs.  Wilson came to the conclusion that the fire originated in a three foot by four foot portion of the deck in the northeast corner of the mobile home.  Wilson was able to determine the "box" or area of origin of the fire by observing where the damage to the wooden debris of the mobile home and deck was most severe.   One of the factors used to determine where the damage is most severe is by measuring char depth, as compared to the original dimension of the material.   In this case, based upon char depth measurements and other factors, Wilson was able to determine that the burn time for the roof of the home was about 20 minutes, while the burn time for the portion of the deck where he believes the fire began was approximately 80 minutes. Based upon the severity of the damage to the northeast corner of the home, Wilson concluded that the fire must have started there, on the deck where the trash cans had been stored.

Because of the crucial nature of the char depth to Wilson's opinions, Wilson asked both Morris and Pavis to retain and preserve the area of the northeast corner or deck where Wilson believed the fire started.  Wilson required the physical evidence of the deck area in order to be able to convey to a jury the depth of the char damage in the "shrinking box" area. Both Morris

3

and Pavis directly refused to preserve the evidence.  Pavis testified that he told Wilson that "if he wanted to preserve it he could go ahead and preserve it, that we weren't going to preserve it because it didn't play a role in the actual area of origin in our minds, so if he wanted to preserve it he could have done that."

Skyline's defenses are that the electrical wiring was not defective and was not the cause of the fire, and that the fire did not originate in the ceiling of Ms. Morgan's home as asserted by Plaintiffs' experts.  Moreover, Defendant will seek a jury instruction on  spoliation due to State Farm's destruction of the portion of the deck Wilson requested be preserved.

(c)    There are no Counter-Claims, Cross-Claims, or Third Party Claims.

(d)    The pleadings do not require any amendments.

(e)    There are no issues in the pleadings that will be abandoned at this point.

(f)    The parties have not stipulated to any facts.  The parties may be able to stipulate to a dollar figure amount of the damages caused and pursue the case solely on the issues of liability.

(g)    The Plaintiffs are seeking damages of $118,535.00.  That figure represents the costs of replacing the mobile home and the contents of the home, which were destroyed by the fire.

(h)    The Plaintiffs intend to introduce the following documents and/or exhibits:

1.    The report of the Anne Arundel County Fire Department;

2.    The report of the Anne Arundel County Fire Marshall;

3.    Report of Plaintiffs' expert, Kenneth McLauchlan;

4

4.      Report of Plaintiffs' expert Thomas Pavis;

5.      Photographs of the property damage and contents damage done to the home ;

6.      A contents inventory summary listing the personal property destroyed in the fire and its actual cash value;

7.      Documents showing the replacement costs of the mobile home;

8.      A video tape of the mobile home taken shortly after the fire.

**(i)     Defendant's Exhibit List**

Defendant intends to offer into evidence:

| EXHIBIT NO. | DESCRIPTION | OBJECTION/ BASIS | NO OBJECTION |
|---|---|---|---|
| 1 | Log Notes of John F. Morris | | |
| 2 | State Farm's Answers to Interrogatories, Answer No. 3 | | |
| 3 | Electrical Check List | | |
| 4 | Inspection Sheet/Form | | |
| 5 | Photographs of Scene of Fire Taken by Rexford Wilson on May 18, 2000 | | |
| | Purchase Invoice by Maryland Mobile | | |

| 6 | Estate | | |
|---|---|---|---|
| 6 | Certificate of Origin for a Vehicle | | |
| 7 | Diagram of Home Drawn by Inez Morgan at Her Deposition | | |
| 8 | Picture of Inez Home after the Fire, with Color Stripe Added (Inez Exhibit 2) | | |
| 9 | May 19, 2000 Letter from Maryland Manor to Jack Morris | | |
| 10 | State Farm Manufactured Home Policy and All Documents Pertaining to Inez Morgan's Claim under the State Farm Policy | | |
| 11 | Videotape of Morgan Home Taken Shortly after Fire | | |
| 12 | F.I.B. Press Release | | |

Defendant may offer the following documents into evidence:

1.    Any documents identified by Plaintiffs as a potential exhibit.

2.    Diagrams of the layout of the Morgan home.

3.    Rexford Wilson's Casebook.

4.    Photographs of Scene Taken by Plaintiffs' investigators or expert witnesses.

5.    Report of Rexford Wilson.

Plaintiffs intend to call the following witnesses:

        a.    Inez Morgan, 4751 Flanders Lane, Home E, Harwood, Maryland 20776;

6

b.      Jack Morris, State Farm Claim Representative, 6708 Alexander Bell Drive, Columbia, Maryland 21746, (410) 290-2195;

c.      Marcus O. Wallace, Anne Arundel County Office of the Fire Marshall, 2660 Riva Road, Annapolis, Maryland;

d.      Thomas Pavis, Tri-Factor Consultants, 7171 Norris Avenue, Sykesville, Maryland 21784, (410) 781-7085; and

e.      Kenneth R. McLauchlan, McLauchlan & Associates, 474 FawnsWalk, Annapolis, Maryland 21401, (410) 269-4025.

**(j)     Defendant's  witnesses:**

Defendant may call the following fact witnesses:

1.      Inez Morgan
        4751 Flanders Lane
        Home E
        Harwood, Maryland 20776

2.      Jack Morris
        State Farm Claim Representative
        6708 Alexander Bell Drive
        Columbia, Maryland 21746
        (410) 290-2195

3.      Marcus O. Wallace
        Anne Arundel County Office of the Fire Marshall
        2660 Riva Road
        Annapolis, Maryland

4.      Cathy Llewellyn
        4751 Flanders Lane
        Lot F
        Harwood, Maryland 20776

7

6.    Charles Miller
      301-627-5998


**(k)    Defendant's Expert Witness**

Defendant intends to call the following expert witness:

1.    Rexford Wilson
      Firepro Institute Ltd.
      P.O. Box 4601
      Roanoke, Virginia 24015
      (540) 985-0400

**(l)    Defendant's Deposition Excerpts: None.**

Plaintiffs do not intend to offer any portion of any of the depositions taken in this case

other than for impeachment purposes.

**(m)    Other Pre-Trial Relief**

Defendant intends to seek a jury instruction on spoliation of evidence.  Defendant will

request that Plaintiffs' damages be calculated at actual cash value, not replacement cost.

**(n)**    There are no pending motions before the Court.


_____/s/_____
LAWRENCE E. BALLANTINE
Trial Bar No. 01948
1 W. Pennsylvania Ave., Ste. 500
Towson, Maryland  21204-5025
(410) 832-8012
Attorney for Plaintiffs


ALLEN, KARPINSKI, BRYANT
& KARP


_____/s/_____
KEVIN KARPINSKI
Suite 1540
100 East Pratt Street, Suite 1540
Baltimore, Maryland 21202
(410) 727-5000
Attorneys for Defendant Skyline
Corporation